Craig T. Donovan, Esq. (C.D. 6268)
Counsel for Plaintiff
305 Broadway, 9th Floor
New York, NY 10007
Tel: 212-897-5818


**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
:
Bao Hua Ni,                                                             :    **Case No. 07 CV 3110**
                                                                        :    **ECF CASE**
                                                                        :
                                                                        :    **J.G.K. (District Judge)**
                                                                        :    **D.F.E. (Magistrate Judge)**
                              Plaintiff,                                :
                                                                        :    **COMPLAINT FOR**
                                                                        :    **DECLARATORY**
                                                                        :    **RELIEF IN THE**
                                                                        :    **NATURE OF**
                     v.                                                 :    **MANDAMUS**
                                                                        :
Alberto R. Gonzales, U.S. Attorney General, U.S. Dept.                  :
  of Justice,                                                           :
                                                                        :
Michael Chertoff, Secretary, U.S. Dept. of Homeland                     :
  Security,                                                             :
                                                                        :
Emilio T. Gonzalez, Director, U.S. Citizenship and                      :
  Immigration Services, Washington, DC                                  :
                                                                        :
Gerard Heinauer, Director, U.S. Citizenship and                         :
  Immigration Services, Nebraska Service Center                         :
                                                                        :
USCIS, Nebraska Service Center,                                         :
                                                                        :
USCIS, New York City Field Office,                                      :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------x

1

I.

**FACTUAL BACKGROUND**

1. This action is brought by the Plaintiff, Ms. Bao Hua Ni (A#: 77-047-590), residing at 316 East 194th Street, Bronx, NY 10458. The Plaintiff requests this Court to compel the Defendants, Hon. Alberto R. Gonzales, U.S. Attorney General, U.S. Dept. of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, Michael Chertoff, Secretary, U.S. Dept. of Homeland Security, Washington, DC 20528, Emilio T. Gonzalez, Director, U.S. Citizenship and Immigration Services (USCIS), Washington, DC 20528, Gerard Heinauer, Director, U.S. Citizenship and Immigration Services (USCIS), Nebraska Service Center, 850 S Street, P.O. Box 82521, Lincoln, NE 68508, Nebraska Service Center, 850 S Street, P.O. Box 82521, Lincoln, NE 68508 and USCIS New York City Field Office, 26 Federal Plaza, Rm. 3-310, New York, NY 10278 to: (1) adjudicate and render a decision on the Plaintiff's I-730 petitions for her two children and (2) adjudicate and render a decision on the Plaintiff's husband's I-730 petition.

2. Plaintiff is a citizen and national of the People's Republic of China. The Plaintiff was born on April 4, 1965 in Lianjiang County, Fujian Province, China. See Exhibit A.

3. Plaintiff currently resides at 316 East 194 Street, Bronx, NY 10458. See Exhibit A-1.

4. Plaintiff and her husband, Xiao Mei Hua (A#: 70-901-518, DOB: Sept. 1, 1965) were married on April 26, 1990 at Lianjiang County, Fujian Province, China. Plaintiff and her husband have two children: a son, Xiao Jun Qing (DOB: October 15, 1986, POB: Lianjiang County, Fujian Province,

China) and a son, Xiao Jun Qiang (DOB: June 18, 1988, POB: Lianjiang County, Fujian Province, China). See Exhibit A-2.

5. On September 8, 1999, the Plaintiff was paroled into the U.S. by the Immigration and Naturalization Service (now known as "Department of Homeland Security.").

6. On January 11, 2000, the Plaintiff filed her I-589 (Application for Asylum and for Withholding of Removal) and supporting exhibits with the Executive Office for Immigration Review, Office of the Immigration Judge, 26 Federal Plaza, New York, NY 10278. See Exhibit B.

7. On June 21, 2000, the Plaintiff had her asylum merits hearing before U.S. Immigration Judge Roxanne Hladylowycz, U.S. Dept. of Justice, Executive Office for Immigration Review, 26 Federal Plaza, New York, NY 10278. IJ Hladylowycz conditionally granted asylum to the Plaintiff because the Plaintiff suffered past persecution on account of political opinion. The Plaintiff was forcibly sterilized under the coercive family planning policy of China. See Exhibit C.

8. On May 25, 2000, the Plaintiff's sister-in-law was conditionally granted asylum and withholding of removal based in a separate case by U.S. Immigration Judge George T. Chew, Executive Office for Immigration Review, 26 Federal Plaza, New York, NY 10278. The Plaintiff's sister-in-law received her asylum approval letter showing that the visa quota was reached in her case on December 30, 2002. See Exhibits D & E.

9. On March 19, 2003, Plaintiff's immigration attorney, Nolan Cheng, Esq., sent a letter to Mr. Mark Pasierb, Office of Chief Immigration Judge, 5107 Leesburg Pike, Suite 2500, Falls Church, VA 22041 with attached orders granting asylum to Plaintiff and her sister-in-law and an asylum approval letter for her sister-in-law in order to show that the Plaintiff's sister-in-law met her visa quota before the Plaintiff even though the Plaintiff's sister-in-law's asylum case and the Plaintiff's aslym case were granted within one month of each other. The Plaintiff requested that the Office of the Chief

3

Immigration Judge process the Plaintiff's case and send an asylum approval letter with condition removed and Form I-94's to the Plaintiff and her attorney. See Exhibit E.

10. On June 25, 2003, Plaintiff's attorney sent a follow-up letter to Mr. Mark Pasierb, Office of Chief Immigration Judge, 5107 Leesburg Pike, Suite 2500, Falls Church, VA 22041 with attached IJ orders granting asylum to Plaintiff and her sister-in-law along with her sister-in-law's asylum approval letter. The Plaintiff requested that the Office of the Chief Immigration Judge process the Plaintiff's case and send an asylum approval letter with condition removed and Form I-94 to the Plaintiff. See Exhibit F.

11. On July 22, 2003, Mark L. Pasierb sent a letter to Plaintiff's attorney containing notification of change of address for the Plaintiff. Id.

12. On January 6, 2004, the U.S. Dept. of Justice, Executive Office for Immigration Review (EOIR) sent a letter to Plaintiff's attorney stating that the condition on Plaintiff's grant of asylum had been removed and that Plaintiff was granted asylum as of December 18, 2003. See Exhibit G.

13. In January 2004, the Plaintiff filed I-730 petitions (Refugee/Asylee Relative Petitions) with USCIS Nebraska Service Center on behalf of her husband and her two sons. See Exhibit H.

14. USCIS Nebraska Service Center sent Plaintiff receipt notices dated February 9, 2004 for the I-730 petitions filed on behalf of her husband, Mei Hua Xiao (Receipt No. LIN-04-087-52711) and her two sons, Jun Qing Xiao (Receipt No. LIN-04-087-52716) and Jun Qiang Xiao (Receipt No. LIN-04-087-52719). See Exhibit I.

15. On October 12, 2005, Plaintiff's attorney sent a letter to USCIS Nebraska Service Center requesting that Plaintiff's I-730 petitions filed on behalf of her husband and children be adjudicated because 611 days had elapsed from when Nebraska Service Center first received the I-730 petitions. Plaintiff included copies of the I-730 receipt notices for the Plaintiff's husband and two sons. See Exhibit J.

16. On July 11, 2006, Plaintiff's attorney performed an on-line case status search on the USCIS web site. The case status search showed that on June 8, 2004, USCIS transferred the Plaintiff's I-730 petitions for her husband and two sons to an office in New York, NY for processing. The case status search also indicated that USCIS would send a written decision to Plaintiff as soon as processing was completed. See Exhibit J-1.

17. On July 14, 2006, Plaintiff's attorney wrote a letter to USCIS 26 Federal Plaza New York, NY requesting that USCIS process the Plaintiff's I-730 petitions filed on behalf of her husband and children because 892 days had passed from when USCIS Nebraska Service Center first received the I-730 petitions. The letter included I-730 receipt notices for the Plaintiff's husband and children. See Exhibit K.

18. On November 16, 2006, Plaintiff's attorney wrote a letter to USCIS Nebraska Service Center informing the agency that the condition on the Plaintiff's grant of asylum was removed as of December 18, 2003. Plaintiff included a copy of the letter sent from EOIR on January 4, 2004 removing the condition on Plaintiff's grant of asylum and a copy of the receipt notice for Plaintiff's husband's I-730 petition. See Exhibit L.

19. On November 16, 2006, Plaintiff's attorney wrote a letter to USCIS Nebraska Service Center informing the agency that the condition on the Plaintiff's grant of asylum was removed as of December 18, 2003. Plaintiff included a copy of the letter sent from EOIR on January 4, 2004 showing the condition on Plaintiff's grant of asylum had been removed and enclosed a copy of a receipt notice for Plaintiff's eldest son's I-730 petition.
See Exhibit M.

20. On November 16, 2006, Plaintiff's attorney wrote a letter to USCIS Nebraska Service Center informing the agency that the condition on the Plaintiff's grant of asylum was removed as of

December 18, 2003. Plaintiff included a copy of the letter sent from EOIR on January 4, 2004 showing the condition on Plaintiff's grant of asylum had been removed and enclosed a copy of a receipt notice for Plaintiff's youngest son's I-730 petition. See Exhibit N.

21. On January 9, 2007, Plaintiff's attorney performed an on-line cases status search on the USCIS web site concerning the status of the I-730 petitions that Plaintiff filed on behalf of her husband and children. The results of the search showed that on June 8, 2004, USCIS transferred the I-730 petitions for the plaintiff's husband and children to USCIS' New York, NY location for processing and sent Plaintiff a notice explaining this action. The case status search indicated that the Plaintiff would be notified by mail when a decision was made by USCIS. See Exhibit O.

22. Since that time, Plaintiff has not received a decision from USCIS on the I-730 petitions that she has filed on behalf of her husband and children.

23. Under 8 U.S.C. §1158(c) and 8 C.F.R. § 208.21(c), if a person has been granted asylum status in the U.S. as an asylee, within the previous two years and as the principal applicant, the asylee may file an I-730 petition for his or her family members. The asylee's spouse and/or unmarried children under (21) years of age, whether in or outside the U.S., are eligible for accompanying or following-to-join benefits based on this petition provided that the relationship between the asylee and his or her relative existed on the date that the asylee was granted asylum in the U.S. and continued to exist. If the family member for whom the asylee is filing is asylee's child, the child must be under 21 years of age when the petition is filed and continue to be unmarried at the time of approval. The asylee must submit the I-730 petition to the USCIS, Nebraska Service Center on behalf of his or her spouse and/or children. Once the I-730 petition is approved and, if the asylee's spouse and/or children are outside the country, the approved I-730 will be transferred to a U.S. consulate abroad and a consular official through an interview will determine the derivative's admissibility. If admissibility is found, the U.S. Dept. of

6

Homeland Security will give the derivative asylee upon admission an I-94 endorsed to indicate a grant of asylum as "following to join." If the asylee's children and/or spouse are in the U.S., the applicant must file the I-730 petition with the Nebraska Service Center. The Nebraska Service Center processes all applications for derivative beneficiaries of asylum seekers at one central facility. The I-730 must show that the applicant was granted asylum and that his or her spouse and/or children are entitled to derivative status as a result.

24. After numerous inquiries by the Plaintiff to the USCIS, Nebraska Service Center, requesting that the Center adjudicate and render a decision on the Plaintiff's pending I-730 petitions for the Plaintiff's husband and two sons, the Defendants have unreasonably delayed and failed to adjudicate and render a decision on the Plaintiff's I-730 petitions filed on behalf of her husband and two sons according to law so that Plaintiff's husband could receive his immigrant visa so that he can become a derivative of Plaintiff's grant of asylum and Plaintiff's two sons could receive their immigrant visas in order to enter the United States as derivative asylees and be reunited with the Plaintiff as derivatives of the Plaintiff's grant of asylum.

## II.

## JURISDICTION

25. This is a civil action in which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 28 U.S.C. § 1361 (Mandamus Jurisdiction) to redress the deprivation of rights, privileges, and immunities secured to the Plaintiff, by which jurisdiction is conferred in order to compel the Defendants, Hon. Alberto R. Gonzales, U.S. Attorney General, U.S. Dept. of Justice, Washington, DC;  Michael Chertoff, Secretary, U.S. Department of Homeland Security, Washington, D.C.; Emilio T. Gonzalez, Director, U.S. Citizenship and Immigration Services, Washington DC; Gerard Heinauer, Director, USCIS, Nebraska Service Center;  USCIS, Nebraska Service Center and

USCIS New York City Field Office and those working under the Defendants to perform a duty the Defendants owe to the Plaintiff under law.

26. The aid of this Court is invoked under 28 U.S.C. §§ 2201 and 2202 of the Declaratory Judgment Act, authorizing a declaratory judgment.

27. Costs and attorneys fees will be sought pursuant to Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(d) et seq.

### III.

### VENUE

28. 28 U.S.C. § 1391(e)(3), as amended, provides that in a civil action in which each defendant is an officer or employee of the U.S. or any agency thereof acting in his or her official capacity, or under color of legal authority, or any agency of the United States, may, except as otherwise provided by law be brought in any judicial district in which the plaintiff resides if no real property is involved in the action. Venue is proper because the Defendants are officers or employees or agencies of the United States. The Defendants, Hon. Alberto Gonzales, U.S. Attorney General, Michael Chertoff, Secretary, U.S. Dept. of Homeland Security, Emilio T. Gonzalez, Director, USCIS, Washington, DC and Gerard Heinauer, USCIS, Nebraska Service Center are officers or employees of the U.S. The defendants, USCIS Nebraska Service Center and USCIS New York City Field Office are agencies of the United States of which defendants, Michael Chertoff, Secretary of the U.S. Dept. of Homeland Security, Gerard Heinauer, Director, USCIS Nebraska Service Center and Emilio T. Gonzalez, Director, USCIS Washington, DC act in their official capacities. The Plaintiff, Bao Hua Ni resides at 316 East 194th Street, Bronx, NY 10458. This action does not concern any real property. See Exhibit A-1.

IV.

**EXHAUSTION OF REMEDIES**

29. The Plaintiff has exhausted her administrative remedies. The Plaintiff has through her attorney, made numerous written inquiries by mail to the U.S. Dept. of Homeland Security, USCIS, Nebraska Service Center and inquired with USCIS New York City Field Office to no avail concerning when the Plaintiff's I-730 petitions filed on behalf of her husband and two sons would be adjudicated and a decision rendered by USCIS so that Plaintiff's husband can receive his immigrant visa so that he can become a derivative of Plaintiff's grant of asylum and Plaintiff's two sons can receive their immigrant visas in order to enter the U.S. as derivative asylees and be reunited with the Plaintiff as derivatives of the Plaintiff's grant of asylum.

V.

**CAUSES OF ACTION**

30. The Defendants are in violation of the Due Process Clause of the Fifth Amendment of the U.S. Constitution because the Defendants, Hon. Alberto Gonzales, U.S. Attorney General, U.S. Department of Justice, Michael Chertoff, Secretary, U.S. Dept. of Homeland Security, Washington, DC, Emilio T. Gonzalez, Director, USCIS Washington, DC, Gerard Heinauer, Director, USCIS, Nebraska Service Center, USCIS Nebraska Service Center and USCIS New York City Field Office have failed to adjudicate and render a decision on the Plaintiff's I-730 petitions filed on behalf of her husband and two sons.

31. The Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 555(b) and 5 U.S.C. § 706(1) by failing to proceed to conclude a matter presented to it under law and by unreasonably delaying action on the Plaintiff's case because the Defendants have not adjudicated and rendered a decision on the Plaintiff's I-730 petitions filed on behalf of Plaintiff's husband and two

sons so that Plaintiff's husband can become a derivative of Plaintiff's grant of asylum and Plaintiff's two sons can receive their immigrant visas in order to enter the U.S. as derivative asylees and be reunited with the Plaintiff as derivatives of the Plaintiff's grant of asylum.

32.  The Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 702 because the Plaintiff suffers legal wrong because of agency inaction and is adversely affected or aggrieved. The Plaintiff is separated from her two sons who are currently in China because the Defendants have unreasonable delayed and failed to adjudicate and render a timely decision concerning the Plaintiff's I-730 petitions filed on behalf of her husband and two sons so that Plaintiff's husband can become a derivative of Plaintiff's grant of asylum and Plaintiff's two sons can receive their immigrant visas in order to enter the U.S. as derivative asylees and be reunited with the Plaintiff as derivatives of the Plaintiff's grant of asylum.

33. The Defendants are acting *ultra vires* in violation of 8 C.F.R. § 208.21(d) & (e) and 8 U.S.C. § 1158(b)(3)(A) & (B), Immigration and Nationality Act § 208(b)(3)(A) & (B), by failing to adjudicate and render a decision on the Plaintiff's I-730 petitions filed on behalf of the Plaintiff's husband and two sons so that Plaintiff's husband can become a derivative of Plaintiff's grant of asylum and Plaintiff's two sons can receive their immigrant visas in order to enter the U.S. as derivative asylees and be reunited with the Plaintiff as derivatives of the Plaintiff's grant of asylum.

34. The Plaintiff has no administrative remedies. There are no administrative remedies provided for inaction and neglect of duty.

35.  Mandamus is appropriate because there is no remedy at law. The Plaintiff, however, seeks to compel the Defendants, in terms of mandamus and in terms of the Administrative Procedure Act, the Immigration and Nationality Act and the Code of Federal Regulations to promptly adjudicate and render a decision on the Plaintiff's I-730 petitions filed on behalf of her husband and two sons so that

Plaintiff's husband can become a derivative of Plaintiff's grant of asylum and Plaintiff's two sons can receive their immigrant visas in order to enter the U.S. as derivative asylees and be reunited with the Plaintiff as derivatives of the Plaintiff's grant of asylum.

## THE RELIEF SOUGHT

Wherefore the Plaintiff respectfully requests that the Court compel the Defendants, Hon. Alberto R. Gonzales, U.S. Attorney General, U.S. Dept. of Justice, Michael Chertoff, Secretary, U.S. Department of Homeland Security, Washington, D.C., Emilio T. Gonzalez, Director, USCIS Washington, DC, Gerard Heinauer, Director, USCIS Nebraska Service Center, USCIS Nebraska Service Center and USCIS New York City Field Office and those working under the Defendants to perform their duty and promptly adjudicate and render a decision on the Plaintiff's I-730 petitions filed on behalf of her husband and two sons so that Plaintiff's husband can become a derivative of Plaintiff's grant of asylum and Plaintiff's two sons can receive their immigrant visas in order to enter the U.S. as derivative asylees and be reunited with the Plaintiff as derivatives of the Plaintiff's grant of asylum and grant such other relief as may be proper under the circumstances as well as attorney's fees and costs of court.

Respectfully submitted,

s/

Craig T. Donovan, Esq. (C.D. 6268)
Counsel for Plaintiff
305 Broadway, 9th Floor
New York, NY 10007
Tel: 212-897-5818
Fax: 212-897-5819

Case 1:07-cv-03110-JGK   Document 1   Filed 04/18/2007   Page 12 of 12